RECEIVED
MAY 20 2015
BY MAIL

IN THE U.S. DISTRICT COURT
EASTERN DIVISION
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Jody Goldsberry, <br>     Defendant | ) <br> ) <br> ) |
| v.s. | ) Case No: 4:14CR00091AGF/DDN <br> ) |
| United States of America <br>     Plaintiff | ) Division No: 12 South <br> ) |

<u>REQUEST FOR IMMEDIATE MANDATORY WITHDRAWAL/DISQUALIFICATION
OF COUNSEL, WITHDRAWAL OF GUILTY PLEA AND DISMISSAL OF MATTER,
OR ALTERNATIVE NON-JURY TRIAL PURSUANT TO F.R.CR.P. 23C</u>

    COMES NOW Defendant, Jody Goldsberry, who requests Withdrawal of Counsel (and Disqualification of same), Withdrawal of Guilty Plea and Dismissal of Matter, Or In The Alternative, Non-Jury Trial Pursuant To F.R.CR.P. 23C stating the following in support thereof:

1. Because Defendant does not have an attorney that is willing to defend him and that has threatened to testify against him, he would like said attorney, Mike Mettis, immediately removed and disqualified from representing him in this case. Defendant will gladly tell the Judge the specifics of those threats which were made by attorney Mike Mettis in Court.

2. Defendant wishes also to withdraw his guilty plea because he was threatened and forced to plead guilty by attorney Mike Mettis, thus, said plea was given/made under duress. F.R.CR.P. 11 states that "A defendant may withdraw a plea of guilty or nolo contendere ... (2) After the Court accepts the plea, but before it imposes sentence if ... (B) the defendant can show a fair and just reason for requesting the withdrawal." Defendant's reasons for wishing to withdraw the plea additionally are that:

(1) Not only was he threatened and forced to plead guilty, but he is innocent of the charges; (2) Defendant believes he heard the Prosecutor say on April 17, 2015 in Court that Mr. Goldsberry was not in possession of these firearms and was not in actual possession

of any ammunition, (3) On April 24, 2015 in this Court when Defendant was asked to forfeit the firearms, he told the Court that he could not forfeit something that he did not have or that he does not own. Defendant specifically told the Court that the guns were his mother's- (namely, Lillian Goldberry's), that they were taken from her house out of her closets, and further, that he was told by the Prosecutor or that the Prosecutor had said that the firearms would be returned to his mother. When asked by the Court if this was true, the Prosecutor said yes, and that the ATF did not have a problem returning them if Jefferson County had no problem, (4) the evidence irrefutably shows that the ammunition in question belongs to Lillian Goldsberry, the Defendant's mother, not Defendant, (5) An illegal search and seizure in violation of the 4th Amendment to the U.S. Constitution occurred rendering all evidence inadmissible when Jefferson County police, without a warrant, took guns and ammunition from Lillian Goldberry's home on January 29, 2013 and returning on February 8, 2013, took all of her keys (including those to her house and truck) and refused to return them unless she consented to the search of her home - see police report, and (6) the case is not only void of evidence altogether, but said evidence conflicts with what is contained in the indictment.

3. The facts stated supra support dismissal of this matter as well. It should be noted, however, that since he has violated the rules of ethical conduct by his above mentioned actions and failed to diligently represent and defend the rights of his client even acting as if an antagonistic opposing party, clearly a conflict of interest exists on the part of Mike Mettis which is intolerable anywhere in the legal profession or anywhere in this or any other case, and the pursuit of justice cannot prevail if he is involved in this matter.

FOR THESE REASONS, Defendant requests the herein requested relief including dismissal with prejudice in the interest of justice.

ALTERNATIVELY, Defendant seeks a non-jury trial pursuant to F.R.CR.P. 23C. "If the evidence is not legit, then one must acquit"- S.C.H.-MAY, 2015.

Respectfully Submitted,

_Joely Soldberry_
Signature

CERTIFICATE OF SERVICE

An exact copy of the foregoing was provided to the Office of the Prosecuting Attorney via normal procedures at his/her known place of business on this 16 day of MAY, 2015.

_Joely Soldberry_
Signature